IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ULMASKHON RUSTAMOVA,                          3:11-CV-751-BR

       Plaintiff,                          OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

       Defendant.


JAMES S. COON
Swanson Thomas & Coon
820 S.W. 2nd Avenue, Suite 200
Portland, OR 97204
(503) 228-5222

       Attorneys for Plaintiff


1   -   OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA  98104-7075
(206) 615-3621

          Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Ulmaskhon Rustamova seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

   This matter is now before the Court on the Commissioner's Brief and Motion (#11) to Remand for further administrative proceedings.

   Following a review of the record, the Court **REVERSES** the Commissioner's decision and **GRANTS** the Commissioner's Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g) for

2   -   OPINION AND ORDER

further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on November 29, 2006, alleging a disability onset date of November 1, 2004. Tr. 26.[1] The application was denied initially and on reconsideration. Tr. 42-50. An Administrative Law Judge (ALJ) held a hearing on January 12, 2010. Tr. 404-29. At the hearing Plaintiff was represented by an attorney. Tr. 404. Plaintiff, lay witness Gafur Kambarov, and a vocational expert (VE) testified. Tr. 406-29. The ALJ issued a decision on May 7, 2010, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 11-18. The Appeals Council denied Plaintiff's request for review. Tr. 4-6. On April 29, 2011, therefore, the ALJ's decision became the final decision of the Commissioner.

## BACKGROUND

Plaintiff was born on June 5, 1965, and was 44 years old at the time of the hearing. Tr. 26, 404. Plaintiff attended school in Uzbekistan through eight grades and immigrated to the United States in 2006. Tr. 413-16. Plaintiff does not speak or

---

[1] Citations to the official transcript of record filed by the Commissioner on October 26, 2011, are referred to as "Tr."

3  -  OPINION AND ORDER

understand English.  Tr. 416-17.  Plaintiff has past work experience as a dairy-farm laborer.  Tr. 422.

Plaintiff alleges disability due to pain in her back, legs, head, and chest, which limit her ability to walk, to bend, to lift, to carry, and to perform daily activities.  Tr. 69, 88-90.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 13-17.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.

4   -   OPINION AND ORDER

42 U.S.C. § 405(g).  *See also Batson*, 359 F.3d at 1193. "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 416.920.  Each step is potentially dispositive.

5   -   OPINION AND ORDER

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(b).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(c).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other

6  -   OPINION AND ORDER

words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R.

7 -   OPINION AND ORDER

§ 416.920(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since November 29, 2006, the date of Plaintiff's application. Tr. 13.

At Step Two, the ALJ found Plaintiff has the severe impairments of lumbar degenerative disc disease, obesity, and left-knee meniscus degenerative joint disease. Tr. 13.

At Step Three, the ALJ concluded Plaintiff's impairments do not singly or in combination meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. When the ALJ assessed Plaintiff's RFC, he found Plaintiff can

> perform sedentary work as defined in 20 C.F.R. § 416.967(b) except the claimant is able to lift ten pounds frequently and twenty pounds occasionally. She is limited to simple repetitive tasks. She is able to read, write and perform basic arithmetic. She is illiterate in English and can have no public contact.

Tr. 18.

At Step Four, the ALJ found Plaintiff could not perform her past relevant work. Tr. 17.

At Step Five, the ALJ found Plaintiff is capable of working in occupations that exist in significant numbers in the local and national economies. Tr. 17-18. Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to

8  -   OPINION AND ORDER

benefits.  Tr. 18.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1)  at Step Five to show Plaintiff is capable of performing work that exists in significant numbers in the national economy; (2) improperly rejected the lay statements and testimony by Gafur Kambarov, Plaintiff's son; (3) improperly discredited Plaintiff's subjective-symptom testimony by finding it not credible to the extent that it was inconsistent with her RFC; and (4) failed to provide clear and convincing reasons for finding Plaintiff's subjective-symptom testimony was not credible.

In his Brief and Motion to Remand, the Commissioner concedes each of Plaintiff's assertions of error except that the ALJ failed to provide legally sufficient reasons for rejecting Plaintiff's subjective-symptom testimony.  The Commissioner moves the Court to remand this matter for further administrative proceedings to permit the ALJ to (1) reevaluate the medical opinion of Deane DeFontes, M.D., regarding Plaintiff's chronic conditions; (2) consider further Plaintiff's mental impairments of post-traumatic stress disorder and auditory hallucinations and provide a rationale for the Part B criteria for mental impairments; (3) consider properly the lay-witness statements from Gafur Kambarov, Plaintiff's son; (4) consider further

Plaintiff's obesity under SSR 02-1p; (5) update the record to include a Psychiatric Review Technique form and/or psychiatric consultative examination; (6) reassess Plaintiff's RFC; and (7) if necessary, consider further at Step Five, with the assistance of additional testimony by a VE, whether Plaintiff is able to perform other work in the national economy in accordance with SSR 00-4p.

In her Reply Plaintiff maintains the ALJ improperly assessed her credibility, and, therefore, the Court should exercise its discretion to remand for an immediate calculation and award of benefits.

## I. Plaintiff's Credibility.

Plaintiff contends the ALJ erred when he rejected Plaintiff's subjective-symptom testimony without providing clear and convincing reasons supported by substantial evidence in the record for doing so.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony: The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.

*Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

### A. Plaintiff's Testimony.

Plaintiff testified at the hearing before the ALJ and also provided answers to a Pain Questionnaire and an Adult Function Report. Tr. 88-98, 413-18. Plaintiff alleges she suffers constant pain in her spine, legs, head, and chest and that her pain is exacerbated by physical activity. Tr. 88-89. Plaintiff states she is unable to be physically active for more than an hour before needing to rest and can only walk for 15 to 20 minutes without needing rest. Tr. 89-90, 96. Plaintiff states she requires help with her household chores, particularly those that require bending or lifting, but can perform some uncomplicated cooking and light cleaning. Tr. 90-93. Plaintiff is able to do limited shopping with help from her sons. Tr. 94. Plaintiff attends English-as-a-Second-Language (ESL) classes for

11 -   OPINION AND ORDER

2.5 hours Monday through Friday.  Tr. 94-95.

### B. The ALJ's Decision.

The ALJ concludes Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible to the extent they are inconsistent with the above residual functional capacity assessment."  Tr. 15.  The ALJ bases his credibility determination on the following grounds: (1) Plaintiff's activities of daily living undermine her complaints of disabling pain, (2) Plaintiff made statements that are inconsistent with the record, and (3) Plaintiff's symptoms are adequately controlled by medication.  Tr. 15-16.

### C. Analysis.

Plaintiff contends none of the reasons provided by the ALJ for discrediting Plaintiff are clear or convincing.

#### 1. Activities of Daily Living.

As noted, the ALJ concludes Plaintiff's activities of daily living belie her allegations of disability:

> The claimant has alleged that her impairments cause her to be unable to engage in substantial gainful activity.  However, the claimant has described daily activities which are not limited to the degree that one would expect given the allegations.  The claimant lives with her two sons and cares for them.  She occasionally takes walks and can walk for fifteen to twenty minutes

12 -   OPINION AND ORDER

>           without resting.  She is able to take care of
>           her personal grooming.  She does household
>           cleaning, but reports she needs assistance
>           with activities requiring bending and
>           lifting.  She can cook.  She is able to use
>           public transportation. (Exhibit 5E)  The
>           claimant is able to grocery shop. . . .  The
>           claimant attends English as a second language
>           classes five days per week for two and
>           one-half hours.  These classes in particular
>           demonstrate the claimant can sit for longer
>           than she indicates and is capable of
>           concentrating and remembering information.

Tr. 15.

Plaintiff contends the ALJ has overstated Plaintiff's capacity to perform activities of daily living.  For example, even though Plaintiff lives with her two sons aged 18 and 19, the record does not reflect she "cares" for them.  In fact, the record reflects her sons care for Plaintiff.  Tr. 93-95, 109-11. Moreover, Plaintiff states the record shows she only goes shopping one to two times per month with the help of her sons. Tr. 94-95, 110.  In addition, Plaintiff points out that despite the ALJ's reliance on her attendance at ESL classes as evidence of her ability to concentrate and to remember, she has been attending those classes for several years and still cannot communicate in English.

Plaintiff also maintains her ability to perform some daily activities does not establish she has the ability to perform in a work setting nor do such activities preclude a finding of disability.  *See Reddick v. Chater*, 157 F.3d 715, 722

13  -   OPINION AND ORDER

(9th Cir. 1998)("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). Moreover, Social Security regulations do not require claimants to demonstrate a "complete inability to work" to be eligible for benefits. *Smolen*, 80 F.3d at 1284 n.7. Claimants must show an inability to work on a sustained basis. 20 C.F.R. §§ 404.1512(a), 416.912(a).

The Court concludes Plaintiff's reported activities of daily living are not inconsistent with Plaintiff's stated inability to perform a full-time job and do not provide a clear and convincing basis on which to discredit Plaintiff's reports of her subjective symptoms.

### 2. Inconsistent Statements.

The ALJ also finds Plaintiff made statements that are inconsistent with the record. The ALJ points to Plaintiff's statement that a specialist had advised Plaintiff against having back surgery due to the risks presented, but the ALJ notes there is not any evidence of Plaintiff's surgical evaluation in the record. Tr. 15-16. As Plaintiff states, however, the record reflects Plaintiff's surgical evaluation likely took place in Russia prior to Plaintiff's immigration to the United States, and the record is not complete as to Plaintiff's medical history before her arrival in the United States. *See* Tr. 281

14 -   OPINION AND ORDER

(Dr. DeFontes, Plaintiff's treating physician, notes Plaintiff continues "to believe what she was told about being disabled and about needing surgery possibly (when living in Russia) on her lower back."); Tr. 414-15 (Plaintiff received disability in Russia). In any event, the fact that Plaintiff's medical records from Russia are not in this record does not give rise to any inference that Plaintiff is not honestly recounting the surgical consultation in Russia.

The ALJ also states Plaintiff "has not reported frequent fainting episodes to her physicians despite the numerous visits for various reasons." Tr. 16. The record, however, reflects Plaintiff repeatedly reported dizziness and feeling faint. Tr. 181, 262, 266, 285-286. Although the ALJ contends there is a difference between Plaintiff's reports of "feeling faint" versus actual fainting, the Court notes Plaintiff must overcome her language barrier to report her symptoms, and, in any event, the Court does not find the ALJ's distinction persuasive.

Ultimately the Court does not find persuasive the ALJ's reasons for finding Plaintiff's statements are inconsistent with the record nor that those statements constitute clear and convincing bases on which to discredit Plaintiff's testimony.

**3.    Symptoms Adequately Controlled by Treatment.**

The ALJ also concludes Plaintiff's symptoms are adequately controlled by medications and treatment. Tr. 16. The

15  -   OPINION AND ORDER

ALJ refers to a physician's advice to Plaintiff to increase her activity in response to Plaintiff's chest pain. Tr. 16. The fact that Plaintiff received such advice, however, does not reflect Plaintiff's chest pain is under control or has been adequately treated. In addition, the ALJ notes injections and a diuretic provided Plaintiff with relief from her knee pain. Tr. 16. The ALJ, however, does not explain how these treatments undermine Plaintiff's complaints of pain nor how such relief would make Plaintiff able to perform work-related functions.

Accordingly, the Court concludes the ALJ erred when he discredited Plaintiff's testimony concerning her subjective symptoms without providing legally sufficient reasons supported by the record for doing so.

## II. Remand.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within

the discretion of the court.  *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Id.* at 1179.  The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."  *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman*, 211 F.3d at 1178.  The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.*  The second and third prongs of the test often merge into a single question:  Whether the ALJ would have to award benefits if the case were remanded for further proceedings.  *Id.* at 1178 n.2.

Plaintiff maintains the Court should remand this matter for the immediate calculation and award of benefits based on the errors committed by the ALJ.  To support her position, Plaintiff points out that the VE attested "a majority" of the small-products assembly jobs (8,900 locally and 288,000 nationally) would not be sustainable by a person with Plaintiff's RFC.

17  -  OPINION AND ORDER

Moreover, the VE appears to testify that fewer than 1,000 small-products assembly jobs would actually be available to Plaintiff. Courts, however, have not established any particular bright line as to the number of jobs that constitute a "significant number" at Step Five.  *See, e.g., Barker v. Sec'y of Health and Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989)(citing several decisions in which courts found under 1,000 available jobs was a significant number); *Gurule v. Astrue*, No. 2:11-CV-96, 2012 WL 160691, at *4-5 (D. Vt. May 8, 2012)(citing numerous decisions in which circuit and district courts found 175 to 1,000 local or regional jobs was a significant number).  Thus, the testimony of the VE does not clearly establish the Commissioner failed to meet his burden at Step Five.

The Court notes Plaintiff also contends she is disabled based on her statements to SSA during the application process concerning her physical limitations such as her need for assistance with using the restroom and taking a bath.  This record, however, does not contain any functional capacity assessment by her physicians and, as noted, reflects Plaintiff is able to attend classes for 2.5 hours each day and to maintain appointments with physicians and therapists, which entails the physical ability to sit and to stand to some extent.  Moreover, none of Plaintiff's treating physicians or therapists find Plaintiff is unable to move from a sitting to a standing

18  -   OPINION AND ORDER

position.  Thus, this record is not conclusive as to the specific nature of Plaintiff's physical limitations and as to whether such limitations, alone or in combination with her other impairments, render Plaintiff unable to perform even sedentary work.

On this record the Court concludes, in the exercise of its discretion, that further administrative proceedings are necessary.  Accordingly, the Court **GRANTS** the Commissioner's Motion and remands for further proceedings to permit the ALJ to (1) reevaluate the medical opinion of Dr. DeFontes regarding Plaintiff's chronic conditions; (2) consider further Plaintiff's mental impairments of post-traumatic stress disorder and auditory hallucinations and provide a rationale for the Part B criteria for mental impairments; (3) consider properly the lay-witness statements from Gafur Kambarov, Plaintiff's son; (4) consider further Plaintiff's obesity under SSR 02-1p; (5) update the record to include a Psychiatric Review Technique form and/or psychiatric consultative examination; (6) reassess Plaintiff's RFC; and (7) if necessary, consider further at Step Five, with the assistance of additional testimony by a VE, whether Plaintiff is able to perform other work in the national economy in accordance with SSR 00-4p.

## CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **GRANTS** the Commissioner's Motion (#11) to Remand pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 13th day of June, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge