IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ULMASKHON RUSTAMOVA,**                             3-11-CV-751-BR

       Plaintiff,                              OPINION AND ORDER

v.

**MICHAEL J. ASTRUE,**
Commissioner of Social
Security,

       Defendant.

**JAMES S. COON**
Swanson Thomas & Coon
820 S.W. 2nd Avenue, Suite 200
Portland, OR 97204
(503) 228-5222

       Attorneys for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

1  -  OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 MS/221A
Seattle, WA  98104-7075
(206) 615-2113

   Attorneys for Defendant

**BROWN, Judge.**

  This matter is before the Court on Plaintiff Ulmaskhon Rustamova's Motion (#18) for an Award of Attorneys' Fees and Expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(b).  Defendant Commissioner objects only to the amount of the attorneys' fees sought by Plaintiff.

  For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and **AWARDS** attorneys' fees to Plaintiff in the amount of **$1289.32** and costs in the amount of **$414.15**.


## BACKGROUND

  On June 21, 2012, Plaintiff filed this action seeking judicial review of the Commissioner's final decision denying Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act.  Plaintiff sought an Order from this Court remanding this matter to the Commissioner for an immediate payment of benefits.

2  - OPINION AND ORDER

Although the Commissioner conceded the Administrative Law Judge erred in his evaluation of the evidence, the Commissioner argued this matter should be remanded for further administrative proceedings rather than for the immediate payment of benefits.

On June 13, 2012, the Court issued an Order directing the remand of this matter for further proceedings.

Plaintiff now seeks an award of attorneys' fees and costs pursuant to EAJA.  Although the Commissioner agrees Plaintiff is entitled to an award of reasonable attorneys' fees, the Commissioner objects to the amount sought by Plaintiff on the ground that it is inappropriately based on "block billing" by counsel and his paralegal.

## **STANDARDS**

Under EAJA a plaintiff may recover attorneys' fees in an action against the government if (1) the plaintiff prevails in the action, (2) the government's litigation position was not substantially justified and no special circumstances make an award unjust, and (3) the requested attorneys' fees and costs are reasonable.  28 U.S.C. § 2412(d)(1)(A).  *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002).  The court applies the lodestar method to determine reasonable attorneys' fees in Social Security matters.  *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012)(citing *Hensley v.*

3 - OPINION AND ORDER

*Eckerhart,* 461 U.S. 424, 437 (1983)("To calculate the lodestar amount, the court multiplies "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate.").

To determine the reasonable hourly rate in this District, the Court uses the most recent Oregon State Bar Economic Survey published in 2012 (Oregon 2012 Survey) as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors.

The Court has an independent duty to determine whether the hours and hourly rates requested by the fee applicant are "reasonable" and to reach its own lodestar value; *i.e.*, "the number of hours reasonably expended multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

## DISCUSSION

I. **Attorneys' Fees**.

The Commissioner does not challenge the hourly rates charged by Plaintiff's counsel (1 hour at $180.59 in 2011 and 1 hour at $183.73 in 2012). The Court concludes those hourly rates are reasonable in light of his 35 years of experience and the nature of his practice pursuant to the Oregon 2012 Survey.

Plaintiff also requests fees for paralegal services in 2011 at a rate of $108.75 per hour for 11.5 hours and in 2012 at a rate of $110.83 per hour for 7 hours. Plaintiff, however, has

4 - OPINION AND ORDER

not provided any information regarding the reasonable hourly rates for comparable paralegals in the Portland area. In addition, Plaintiff did not provide any information as to the experience of the paralegal. Accordingly, the Court reduces the rate at which fees may be awarded for all paralegal time to $50 per hour (a minimal rate the Court can support on this scant record).

Although the Commissioner does not object to the hourly rates for Plaintiff's attorneys or the attorneys' paralegal, the Commissioner, as noted, asserts the time spent by Plaintiff's attorneys and the paralegal is improperly identified in block-billing format. The Court disagrees and finds the tasks performed and the time spent on those tasks by Plaintiff's counsel and the paralegal are adequately detailed in their Motion.

Based on the foregoing, the Court awards to Plaintiff $925.00 for paralegal services ($50.00 x 18.5 hours) and $364.32 for attorneys' fees ($180.59 x 1 hour in 2011, and $183.73 x 1 hour in 2012) or a total of $1,289.32.

**II.   Costs.**

Plaintiff seeks an award of costs in the amount of $414.15 for filing fees and copying costs. The Commissioner does not object these costs, and the Court finds they were reasonably incurred.

5   - OPINION AND ORDER


**CONCLUSION**

For these reasons, the Court **GRANTS in part** Plaintiff's Motion (#18) for an Award of Attorneys' Fees and Expenses and **AWARDS** to Plaintiff attorneys' fees and fees for paralegal services in the amount of **$1,289.32** and costs in the amount of **$414.15**.

IT IS SO ORDERED.

DATED this 20th day of November, 2012.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge